IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


T. R. KISOR,

       Plaintiff,

vs.                                                      No. CV 16-01308 LH/SCY

NEW MEXICO DEPARTMENT OF CORRECTIONS,
HEALTH CARE PROVIDER and ALL STAFF,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed November 30, 2016 by Plaintiff T. R. Kisor. (Doc. 1) ("Complaint"). The Court concludes that the Complaint fails to state a claim on which relief can be granted and dismisses Plaintiff's claims. Also before the Court is Plaintiff Kisor's Motion to Amend Civil Rights Complaint (Doc. 5). The Court will deny Kisor's Motion to Amend because the proposed amendment would be futile. However, the Court will also grant Plaintiff Kisor leave to file an amended complaint within 30 days of entry of this Memorandum Opinion and Order.

Plaintiff Kisor is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The

court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual

allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Plaintiff Kisor asserts claims under 42 U.S.C. § 1983 against the New Mexico Department of Corrections, Health Care Provider (Corizon) and "all staff" or "all other health care providers". (Doc. 1 at 1-2). Kisor claims that the Defendants violated his constitutional rights as a disabled person. (Doc. 1 at 2). The causes of action asserted by Kisor include "Count 1: Due Process," "Count II: Turn's Into hate crime repeatedly over and over abuse," and "Count III: Physical abuse to my legs, knees, and back." (Doc. 1 at 3-4). Kisor's request for Relief states:

> "I would like any and all involved to be tired and there pension's taken. I want them punished to the fullest extent of the Law. Then they would know what they have done to me. I would like 5,000,000 for physical pain and 5,000,000 for mental strain and anguish and I want 5,000,000 for the inconvenience. I also want termination of sentence. I would like all cash to be in a cashier check and immediately released to Albuquerque to a bank of my choosing."

(Doc. 1 at 7).

Kisor's Complaint fails to state a claim for relief on several grounds. First the New Mexico Department of Corrections is a state entity. As such, the claims against it are claims against the

State of New Mexico. Section 1983 states:

> "Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia, *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. As a state entity, the New Mexico Department of Corrections is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the New Mexico Department of Corrections under § 1983. The claims against the New Mexico Department of Corrections must be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Second, to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). Further, a civil rights action against a public entity may not be based solely on a theory of respondeat superior liability for the actions of employees. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir.

2008) (emphasis in the original). Nor do generalized allegations against entity defendants, without identification of actors and conduct that caused the deprivation of a constitutional right, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Plaintiff Kisor's Complaint does not name any individual as a defendant, makes no allegations of individualized acts, and does not state any specific facts of any conduct and how that conduct violated his constitutional rights. Instead, as defendants, he only identifies "Health Care Provider and All Staff," and "Corizon & all other health care providers." (Doc. 1 at 1-2). His statements of Supporting Facts only allege general conclusions such as "keep asking for same things," "prolonged periods of abuse," and "do to substandard medical care." (Doc. 1 at 3-4). Generalized statements and conclusions without actual identification of individuals and specific factual allegations of who did what to whom, are insufficient to state a claim upon which relief can be granted. him. *Ashcroft v. Iqbal,* 556 U.S. at 676, 129 S.Ct. at 1948; *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Plaintiff Kisor's Complaint is devoid of any factual allegations stating a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570. The Complaint is factually insufficient to state a claim and must be dismissed. *Twombly*, 550 U.S. at 555.

Last, Kisor's claim for termination of his sentence is barred under the doctrine of *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck,* the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487; *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997). The *Heck* doctrine also applies without respect to whether the relief sought is in the form

of damages or equitable declaratory or injunctive relief. *Wilkinson,* 544 U.S. at 81–82. If success on the claim would necessarily demonstrate the invalidity of the sentence or conviction, the claim is barred by *Heck. See Harris v. Fulwood,* 611 Fed.App'x 1, 2 (D.C. Cir. 2015).

In his request for relief, Kisor seeks "termination of sentence." (Doc. 1 at 7). Although he does not directly attach his conviction or sentence, a favorable ruling on Kisor's request to terminate his sentence would require treating his conviction and sentence as invalid. To the extent he seeks termination of his criminal sentence, his claims for violation of 42 U.S.C. § 1983 are barred by *Heck*, fail to state a claim upon which relief can be granted, and must be dismissed. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999); *Wilkinson,* 544 U.S. at 81–82.

Kisor has filed a Motion to Amend Civil Rights Complaint (Doc. 5). In his Motion to Amend, Kisor seeks to add a claim for failure to provide interpretive and assistive communications under Rule 5-802 NMSA 1978. (Doc. 5 at 1). Under Fed. R. Civ. P. 15, the Court should give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Fed.R.Civ.P. 15(a) provides that leave to amend is to be given freely, the district court may deny leave to amend where amendment would be futile. *Bradley v. Val-Mejias,* 379 F.3d at 901. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *See TV Communications Network, Inc., v. Turner Network Television, Inc.,* 964 F.2d 1022, 1028 (10th Cir.1992); *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

Plaintiff Kisor's proposed amendment would be futile. First, Rule 5-802 is a New Mexico state court rule of criminal procedure and has no application in this Court. Rule 5-802 does not afford Kisor any basis for relief under federal law. Second, Kisor's proposed

6

amendment suffers from the same deficiencies as his original complaint in that it does not identify any individuals or make allegations of individual conduct sufficient to state a plausible § 1983 claim. *Twombly,* 550 U.S. at 570. Kisor's amended complaint would be immediately subject to dismissal for failure to state a claim on which relief can be granted under § 1983 and the proposed amendment, therefore, is futile. *Robbins v. Oklahoma,* 519 F.3d at 1249-50; *Hall v. Bellmon,* 935 F.2d at 1109.

The Court will, however grant Kisor an opportunity to amend to remedy the defects in his pleading. *Hall v. Bellmon,* 935 F.2d at 1109. Kisor may file an amended complaint within thirty (30) days of entry of this Memorandum Opinion and Order. In his amended complaint, Kisor may not re-name the New Mexico Department of Corrections as a defendant and may not seek to have his criminal sentence terminated in this case. Kisor must identify specific individual defendants, must make clear exactly who is alleged to have done what to whom, and must specify how those individuals and actions violated his constitutional rights. If Kisor fails to file an amended complaint within thirty (30) days or if he files an amended complaint that does not comply with the requirements of this Memorandum Opinion and Order, the Court may dismiss this case with prejudice and without further notice.

**IT IS ORDERED:**

(1) Plaintiff T. R. Kisor's Motion to Amend Civil Rights Complaint (Doc. 5) is **DENIED**;

(2) the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed November 30, 2016, 2016 by Plaintiff T. R. Kisor. (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B); and

(3) Plaintiff Kisor is granted leave to file an amended complaint consistent with this

Memorandum Opinion and Order within thirty (30) days.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE